IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PHILLIP DEWAYNE STEWART, ADC #151956                                    PLAINTIFF

v.                              No. 5:17CV00167 JLH/JTR

RONALD JOHN STUKEY,
Correct Care Solutions                                                  DEFENDANT

**OPINION AND ORDER**

Phillip Dewayne Stewart is a prisoner in the Ester Unit of the Arkansas Department of Correction. He has filed a *pro se* § 1983 complaint and two applications to proceed *in forma pauperis*. Documents #1, #2, & #4.

The Prison Litigation Reform Act provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Prior to filing this lawsuit, Stewart filed at least four cases that were dismissed for failing to state a claim upon which relief may be granted. *See Stewart v. Evans*, 5:16CV00081 (E.D. Ark. dismissed March 24, 2016); *Stewart v. Hobbs*, 6:15CV6023 (W.D. Ark. dismissed Jan. 26, 2016); *Stewart v. Murphy*, 6:14CV6077 (W.D. Ark. dismissed March 15, 2015); *Stewart v. Hobbs*, 5:13CV00381 (E.D. Ark. dismissed Jan. 31, 2014).

Nevertheless, Stewart may proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule. *See* 28 U.S.C. § 1915(g). Stewart alleges that, for seven days in February of 2017, defendant Dr. Ronald Stukey failed to renew his prescription for Nortriptyline. Document #2.

Nothing in the Complaint suggests that Stewart was in imminent danger when he filed this action, four months later, on June 19, 2017. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (explaining that the prisoner must be in imminent danger "at the time of filing" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient to trigger [the] exception to § 1915(g)." Further, a temporary delay in receiving prescription medications, by itself, does not constitute a constitutional violation; deliberate indifference to serious medical needs is required. *See, e.g., Hines v. Anderson,* 547 F.3d 915, 920-21(8th Cir. 2008); *Zentmyer v. Kendall Cnty., Ill.,* 220 F.3d 805, 810-11 (7th Cir. 2000); *Ervin v. Busby*, 992 F.2d 147, 150-51 (8th Cir. 1993).

IT IS THEREFORE ORDERED THAT:

1. Stewart's applications to proceed *in forma pauperis* (Documents #1 & #4) are denied, and his complaint (Document #2) is dismissed without prejudice.

2. If Stewart wishes to continue this case, he must, **within thirty days of the entry of this Opinion and Order**: (a) pay the $400 filing fee in full, noting the above case style and number; and (b) file a motion to reopen the case.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal would not be taken in good faith.

IT IS SO ORDERED this 16th day of August, 2017.

        *J. Leon Holmes*
UNITED STATES DISTRICT JUDGE